IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BRANDON MOYE, SR.**,

               Plaintiff,

v.

**PEGASUS HOME CARE** and
**CASCADIA HEALTH CARE**,

               Defendants.

No. 3:17-cv-01995-MO

OPINION AND ORDER

**MOSMAN, J.**,

This matter comes to me on Defendants Cascadia Health Care and Pegasus Home Care's

Motions to Dismiss [13, 16]. Defendants argue that pro se Plaintiff Brandon Moye, Sr.'s

Complaint [1] must be dismissed for various reasons, including that the Court lacks subject

matter jurisdiction.[1] Mr. Moye responded [15] and also filed a Motion to Change the Proper

Name of Defendant [19]. For the following reasons, I GRANT Defendants' Motions to Dismiss

---

[1] Defendants also argue that Mr. Moye's Complaint should be dismissed on the grounds that it was improperly served via FedEx. However, the court previously granted Mr. Moye's application to proceed *in forma pauperis*, and "a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Puett v. Blandford*, 912 F.2d 270, 274 (9th Cir. 1989) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Accordingly, I decline to grant Defendants' Motion to Dismiss on the basis of insufficient process.

[13, 16] and DENY AS MOOT Mr. Moye's Motion to Change the Proper Name of Defendant [19].

## DISCUSSION

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).

In his Complaint, Mr. Moye claimed this Court had jurisdiction based on a federal question. However, as Defendants argue, Mr. Moye has not alleged a cause of action under federal law, but instead only alleges a common-law negligence claim. Compl. [1] at 4 (stating this case concerns "negligence, cause [sic] me to reinjure[e] & cause two new injuries."). Thus, there is no federal question jurisdiction on the face of Mr. Moye's Complaint.[2] Mr. Moye does not allege, nor is it apparent from the face of his complaint, that there is diversity jurisdiction. Thus, this court lacks subject matter jurisdiction.

"Dismissal without leave to amend is improper unless it is clear[] . . . that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002). Because Mr. Moye may be able to allege a claim arising under federal law, dismissal with leave to amend is proper.

---

[2] On his civil cover sheet, Mr. Moye checked boxes indicating this suit concerns the American with Disabilities Act (ADA) and the Fair Labor Standards Act. Compl. [1], Attach. 2 at 1. But the "civil cover sheet and the information contained [t]herein neither replace nor supplement the filing and service of pleadings." Compl. [1], Attach. 2 at 1. Similarly, Mr. Moye indicates in his Response to the Motions to Dismiss that his claims concern the ADA. But "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998). Although these allegations do not arise in the Complaint, jurisdiction in this Court would be proper if Mr. Moye raised such federal questions in an amended complaint.

**CONCLUSION**

Defendants' Motions to Dismiss [13, 16] are GRANTED and Mr. Moye's Motion to

Change the Proper Name of Defendant [19] is DENIED as moot. Mr. Moye's Complaint is

DISMISSED, with leave to amend.  Mr. Moye may file an amended complaint within 60 days

from the date of this Order.


IT IS SO ORDERED.

DATED this  7th   day of May, 2018.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge